UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| SGCI HOLDINGS III LLC and SOOHYUNG KIM,<br><br>          Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; JESSICA ROSENWORCEL, in her official capacity as Chairwoman of the FCC; HOLLY SAURER, in her official capacity as Chief of the Media Bureau; THE ALLEN MEDIA GROUP, INC., f/k/a Entertainment Studios, Inc.; DISH NETWORK CORPORATION; THE GOODFRIEND GROUP, INC.; THE NEWSGUILD-CWA; NATIONAL ASSOCIATION OF BROADCAST EMPLOYEES AND TECHNICIANS-CWA; UNITED CHURCH OF CHRIST, OC INC., d/b/a United Church of Christ Media Justice Ministry; COMMON CAUSE; BYRON ALLEN; CHARLES ERGEN; and DAVID GOODFRIEND,<br><br>          Defendants. | CASE NO.: 1:24-cv-01204-RC |

**DECLARATION FOR PRO HAC VICE ADMISSION
OF LOUIS R. MILLER**

      In accordance with LCvR 83.2 (c)(2) and LCvR 44.1 (c)(2), I hereby declare that the answers to the following questions are complete, true, and correct:

      1.     I am a partner with the law firm of Miller Barondess, LLP. My office address is 2121 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067. My telephone number is (310) 552-4400 and my fax number is (310) 552-8400.

2. I am counsel to Defendants in this action, The Allen Media Group, LLC and Byron Allen.

3. I am a member "in good standing" of the following courts and bar associations: State Bar of California; U.S. Supreme Court; U.S. District Court, Central District of California; U.S. District Court, Eastern District of California; U.S. District Court, Southern District of California; U.S. District Court, Northern District of California; U.S. District Court, Northern District of Illinois; U.S. District Court, Eastern District of Michigan, Southern Division; U.S. District Court, District of Colorado; U.S. District Court, Northern District of Florida; U.S. Court of Appeals, Sixth Circuit; and U.S. Court of Appeals, Ninth Circuit.

4. I am a member in good standing of all bars to which I am admitted to practice, and I have never been denied admission to the courts or bar of any state or any federal jurisdiction. I am not under suspension, nor have I ever been suspended or disbarred from any court.

5. There is one matter I want to inform the Court of: In 1996, I represented the Los Angeles Police Department and the City of Los Angeles in a case brought by a person who, as a 15 year old amateur photographer, claimed he was present in the pantry of the Ambassador Hotel in June 1968 when Senator Robert F. Kennedy was assassinated and took three rolls of film that were confiscated and retained by the police; he claimed his film was valuable because it showed a second assassin and sued the City for damages.

6. After two weeks of deliberations and raised voices and acrimony

coming from the jury room, the Court excused the jury foreman. Another attorney at my firm researched and advised me that I could contact the excused juror. I contacted the excused juror, who proceeded to tell me that there were severe problems in the deliberations. The case was tried shortly after the Rodney King incident and ensuing riots, when racial tensions were high. The excused juror told me that the deliberations were rife with racial strife to the effect of the African-American jurors threatening and filibustering the other jurors to vote against the police.

7.   I obtained a declaration from the excused juror and submitted it to the Court the next day with a motion for mistrial. I asked the Judge to declare a mistrial or at least talk to the jurors *in camera* to find out what was causing all the turmoil. The Judge refused, accused me of violating the rule against no contact with jurors and reported me to the State Bar. Unbeknownst to me, the rule that I had been advised allowed contact with the excused juror had been amended to preclude juror contact until after the verdict. The prior rule allowed contact with an excused juror before the verdict.

8.   I of course acknowledged what I did. The State Bar reprimanded me for contacting the excused juror, but found that I had acted in good faith because I had honestly believed that such contact was proper and was acting in my client's best interests to protect them. The State Bar Court wrote: "The Court. . . finds that Respondent had an honest and a reasonable belief, in light of the erroneous and or inadequate legal research and advice given to him by his associate, that: (1) it was

ethically permissible for him to contact [juror]; and (2) his contact with [juror] was necessary to protect his client's interest as he honestly and reasonably believed that there had, in fact, been serious, prejudicial, juror misconduct occurring in the *Enyart* action, and he honestly and reasonably believed it was necessary to bring this juror misconduct to the court's attention 'right away.'"

9. The case was ultimately reversed based on juror misconduct in *Enyart v. City of Los Angeles*, 76 Cal. App. 4th 499 (1999).

10. I have not been and am not currently the subject of any other disciplinary proceedings, nor are there any proceedings that could lead to any disciplinary action being instituted against me.

11. I have never been admitted pro hac vice in this Court.

12. I do not practice law from an office in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 21, 2024

*/s/ Louis R. Miller*