UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| SGCI HOLDINGS III LLC and SOOHYUNG KIM,<br><br>  Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; JESSICA ROSENWORCEL, in her official capacity as Chairwoman of the FCC; HOLLY SAURER, in her official capacity as Chief of the FCC Media Bureau; ALLEN MEDIA, LLC d/b/a Allen Media Group; DISH NETWORK CORPORATION; EMMER CONSULTING, INC., d/b/a I Street Advocates f/k/a/ The Goodfriend Group; THE NEWSGUILD-CWA; NATIONAL ASSOCIATION OF BROADCAST EMPLOYEES AND TECHNICIANS-CWA; UNITED CHURCH OF CHRIST, OC INC., d/b/a United Church of Christ Media Justice Ministry; COMMON CAUSE; BYRON ALLEN; CHARLES ERGEN; and DAVID GOODFRIEND,<br><br>  Defendants. | CASE NO.: 1:24-cv-01204-RC |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANTS BYRON ALLEN AND ALLEN MEDIA, LLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

683210.2

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Evidence ("FRE") Rule 201, Defendants Byron Allen and Allen Media, LLC d/b/a Allen Media Group (together, "Defendants" or "Allen Media") respectfully submit the following Request for Judicial Notice in support of Defendants' concurrently-filed Motion to Dismiss Plaintiffs SGCI Holdings III LLC and Soohyung Kim's (together, "Plaintiffs") First Amended Complaint.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "may take judicial notice at any stage of the proceeding," and "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c)(2), (d).

In ruling on a motion to dismiss under Rule 12(b)(6), a court may consider "documents in the public record of which the court may take judicial notice." *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017), *aff'd*, 894 F.3d 298 (D.C. Cir. 2018) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)). *See Al–Aulaqi v. Panetta*, 35 F.Supp.3d 56, 67 (D.D.C. 2014) ("A court may take judicial notice of facts contained in public records of other proceedings . . ." (citing *Covad Commc'ns Co. v. Bell Atl. Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)));

*Clark v. D.C.*, 241 F. Supp. 3d 24, 34 n.6 (D.D.C. Mar. 14, 2017) ("the Court may take judicial notice of docket sheets which are public records") (citation omitted).

Defendants seek judicial notice of certain documents in public records of other proceedings that are relevant to Defendants' arguments in support of their Motion to Dismiss Plaintiffs' First Amended Complaint. The request is permissible because Defendants are not relying on these documents for the truth of the matter they assert. *See Hurd v. D.C., Gov't,* 864 F.3d 671, 686 (D.C. Cir. 2017) (the "court has for various purposes taken judicial notice of court records from other cases" where not relied upon "for the truth of the matter asserted").

Therefore, pursuant to Rule 201, Defendants respectfully request that the Court take judicial notice of the following documents:

1. Notice of Appeal in *SGCI Holdings III LLC, et al., v. Federal Communications Commission*, Case No. 23-1083 (U.S. Court of Appeals for the District of Columbia Circuit), filed on March 27, 2023 at Document #1991967. A true and correct copy is attached hereto as **Exhibit 1.**

2. Conditional Petition for a Writ of Mandamus to the Federal Communications Commission in *In re SGCI Holdings III LLC, et al.,* Case No. 23-1084 (U.S. Court of Appeals for the District of Columbia Circuit), filed on March 27, 2023 at Document #1991974. A true and correct copy is attached hereto as **Exhibit 2.**

3. Per Curiam Order in in *SGCI Holdings III LLC, et al., v. Federal*

*Communications Commission*, Case No. 23-1083 (U.S. Court of Appeals for the District of Columbia Circuit), filed on April 3, 2023 at Document #1993081.  A true and correct copy is attached hereto as **Exhibit 3.**

4. Per Curiam Order in *SGCI Holdings III LLC, et al.,* Case No. 23-1084 (U.S. Court of Appeals for the District of Columbia Circuit), filed on April 21, 2023 at Document #1995758.  A true and correct copy is attached hereto as **Exhibit 4.**

5. Response in Opposition to Motion to Dismiss in *SGCI Holdings III LLC, et al., v. Federal Communications Commission*, Case No. 23-1083 (U.S. Court of Appeals for the District of Columbia Circuit), filed on March 30, 2023 at Document #1992434.  A true and correct copy is attached hereto as **Exhibit 5.**

Defendants respectfully request that this Court take judicial notice of the above pursuant to FRE 201(b), as they are not subject to reasonable dispute.

Dated: September 9, 2024

Respectfully Submitted,

*/s/ Louis R. Miller*
Louis R. Miller (admitted *pro hace vice*)
David W. Schecter (admitted *pro hace vice*)
Nadia A. Sarkis (admitted *pro hace vice*)
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
smiller@millerbarondess.com
dschecter@millerbarondess.com
nsarkis@millerbarondess.com
(310) 552-4400

*Attorneys for Allen Media, LLC d/b/a Allen Media Group and Byron Allen*