IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SGCI HOLDINGS III LLC and SOOHYUNG KIM,<br><br>                            *Plaintiffs*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION ET AL.,<br><br>                            *Defendants*. | Case No. 1:24-cv-1204-RC |

**MOTION TO ENLARGE PAGE LIMIT FOR PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' SEVEN MOTIONS TO DISMISS**

Plaintiffs respectfully move for an enlargement of the standard page limit for their forthcoming consolidated brief responding to Defendants' seven motions to dismiss. Defendants' motions totaled 238 pages of briefing. Plaintiffs request up to 140 pages to respond. The Allen Defendants and the NewsGuild/NABET Defendants consent. Common Cause takes no position. The DISH Defendants and the Goodfriend Defendants do not oppose an enlargement to 100 pages. The FCC Defendants oppose the request and submit that any enlargement should be limited to no more than 75 pages.

In support of this motion, Plaintiffs state as follows:

1.    On August 9, 2024, Plaintiffs filed a 140-page amended complaint, asserting eight causes of action against Defendants. Dkt. 36.

1

2. On September 9, 2024, all Defendants moved to dismiss in seven separate motions. Dkts. 44, 46, 47, 49, 54-55, 56, 57. Defendants' motions totaled 238 pages of briefing.

3. On September 19, 2024, Plaintiffs filed a consent motion to extend Plaintiffs' deadline to respond until November 8. Plaintiffs noted that "[i]n the interest of judicial economy and to avoid duplicative argument, Plaintiffs anticipate filing a consolidated opposition brief responding to all pending motions to dismiss. Plaintiffs will separately seek leave to exceed the standard page count closer to the opposition deadline." Dkt. 58 ¶5. The Court granted the extension motion. Minute Order (Sept. 19, 2024).

4. As previewed, Plaintiffs intend to file a single consolidated opposition responding to Defendants' seven separately filed motions to dismiss. Plaintiffs respectfully request an enlargement of the standard page count so they may file a consolidated opposition brief not to exceed 140 pages.

5. On November 1, Plaintiffs' counsel conferred with Defendants' counsel via email about this request. The Allen Defendants and the NewsGuild/NABET Defendants consented. Common Cause advised that it takes no position on the request. The DISH Defendants, the Goodfriend Defendants, and UCC advised that they "will not oppose a request for up to 100 pages for an omnibus opposition brief." The FCC Defendants' opposed the request and stated as follows: "The federal defendants object to Plaintiffs' request for up to 140 pages for their omnibus opposition, note that the Amended Complaint

consists only of eight counts (two of which are asserted solely against the government), and that the remaining six counts are asserted against multiple defendants and thus there is significant overlap in the arguments that have been asserted to dismiss those counts. Accordingly, the federal defendants submit that, to the extent the Court permits Plaintiffs to exceed the 45-page limit, the Court should limit Plaintiffs' omnibus opposition to no more than 75 pages."

6. Good cause exists for this request. Defendants filed seven separate motions to dismiss totaling 238 pages of briefing. The motions present a host of jurisdictional, procedural, and merits arguments, as well as affirmative defenses, most of which are specific to each Defendant and the allegations against them. The proposed enlargement will enable Plaintiffs to fully and adequately respond to each argument as it relates to each Defendant, assisting the Court in resolution of the motions.

7. Plaintiffs' make this request in the interest of judicial economy and out of convenience to the Court. Filing a consolidated brief instead of seven 45-page briefs will avoid duplicative argument and briefing. Plaintiffs intend to address Defendants' arguments together where possible. But for many arguments, individualized discussion and analysis is necessary; despite the FCC Defendants' claimed "significant overlap in the arguments," Defendants did not present arguments in a consolidated fashion and instead filed seven separate motions that assert arguments specific to each Defendant. Plaintiffs'

filing of a consolidated brief seeks to reduce unnecessary duplicative briefing while still allowing Plaintiffs the opportunity to fully respond to all Defendants.

8.    Plaintiffs' requested enlargement is in part necessary to address omissions in Defendants' motions. Defendants' varying arguments take allegations from the amended complaint "in isolation" and not "as a whole," or "in context," or "against the backdrop of other allegations." *Contra Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 193-95 (2024). Defendants also fail to fully address Plaintiffs' legal claims. For example, the FCC Defendants' equal protection arguments do not address seminal Supreme Court precedents *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), and *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). *But see* Am. Compl. (Dkt. 36) ¶¶1, 5, 327 (citing cases). Plaintiffs' response will necessarily require additional discussion of portions of the amended complaint and caselaw omitted from Defendants' motions.

9.    Plaintiffs' request is reasonable. Local Civil Rule 7(e) provides for 45 pages for a brief in opposition to a motion. LCvR 7(e). Plaintiffs would be entitled to 315 total pages of briefing if they responded to Defendants' seven motions separately. Plaintiffs' request to file a consolidated brief not to exceed 140 pages—less than half the amount to which they would otherwise be entitled—is reasonable.

For these reasons, Plaintiffs respectfully request an enlargement of the page limit to file a consolidated brief not to exceed 140 pages in response to Defendants' seven motions to dismiss.

DATED: November 1, 2024

Respectfully submitted,

/s/ Tyler R. Green

| | |
|---|---|
| Jeffrey M. Harris | Tyler R. Green |
| (DC Bar No. 994058) | (DC Bar No. 982312) |
| Taylor A.R. Meehan* | CONSOVOY MCCARTHY PLLC |
| (DC Bar No. 106377) | 222 S. Main St., 5th Fl. |
| Frank H. Chang | Salt Lake City, UT 84101 |
| (DC Bar No. 1686578) | (703) 243-9423 |
| Daniel M. Vitagliano** | tyler@consovoymccarthy.com |
| (DC Bar No. 90019860) | |
| CONSOVOY MCCARTHY PLLC | Patrick Strawbridge* |
| 1600 Wilson Blvd., Ste. 700 | CONSOVOY MCCARTHY PLLC |
| Arlington, VA 22209 | Ten Post Office Square |
| (703) 243-9423 | 8th Floor South PMB #706 |
| jeff@consovoymccarthy.com | Boston, MA 02109 |
| taylor@consovoymccarthy.com | (703) 243-9423 |
| frank@consovoymccarthy.com | patrick@consovoymccarthy.com |
| dvitagliano@consovoymccarthy.com | |

*Pro hac vice*
*\*\* Supervised by principals of the firm admitted to practice in VA*

*Counsel for Plaintiffs SGCI Holdings III LLC and Soohyung Kim*