IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SGCI HOLDINGS III LLC and SOOHYUNG KIM,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION et al.,<br><br>*Defendants*. | Case No. 1:24-cv-1204-RC |

**DECLARATION OF SOOHYUNG KIM**

I, Soohyung Kim, pursuant to 28 U.S.C. § 1746, declare the following:

1. I am the founder and chief investment officer of Standard General and the managing member of SGCI Holdings III, an affiliate of Standard General. I am over eighteen years of age, have personal knowledge of the facts stated herein, and could testify competently thereto.

2. Under FCC rules and regulations, I am the controlling holder of all broadcast licenses held by Standard General's affiliates.

3. Standard General affiliates own and operate television stations WLNE TV – ABC 6 (serving Providence, RI), KLKN TV – ABC 8 (Lincoln, NE), KBSI TV – FOX23 (Cape Girardeau, MO), and WDKA TV – MyNet (Paducah, KY) and radio stations WQHT FM – Hot 97 (New York, NY) and WBLS FM (New York, NY).

4. Broadcast licenses for these stations expire on the following dates:

    a. WLNE TV – April 1, 2031;

    b. KLKN TV – June 1, 2030;

    c. KBSI TV – February 1, 2030;

    d. WDKA TV – August 1, 2029;

    e. WQHT FM – June 1, 2030; and

    f. WBLS FM – June 1, 2030.

5. I will apply to the FCC to renew each license in the months leading up to their expiration and appear before the FCC for approval of each license-renewal application.

6. I will also appear before the FCC in connection with broadcast licenses currently owned by Estrella Broadcasting, Inc. Through Standard General's affiliate MediaCo Holding Inc., I have an option to purchase Estrella's 21 radio and television broadcasting stations. This includes 11 radio stations in the Los Angeles, Houston, and Dallas areas and 10 television stations in the Los Angeles, Houston, Denver, Chicago, Miami, and New York areas.

7. That option arose from a recent Asset Purchase Agreement between MediaCo and Estrella. On April 17, 2024, MediaCo acquired Estrella Media's network, content, digital, and commercial operations pursuant to that agreement.

8. As part of the Asset Purchase Agreement, MediaCo acquired substantially all of Estrella's assets, including its studios and talent contracts, but did not purchase its

local radio and television broadcasting stations. Purchase of those stations would have required the FCC's prior approval to transfer broadcast licenses to MediaCo and me. While MediaCo currently provides those stations with programming and content, Estrella continues to own the stations and their broadcast licenses.

9. I structured the transaction this way to timely acquire Estrella's non-broadcast business and assets without creating the need to apply to, and obtain prior approval from, the FCC before consummating the transaction given the FCC's unlawful treatment of my license-transfer applications in the Standard General-TEGNA deal.

10. In connection with the Asset Purchase Agreement, MediaCo and Estrella entered into an Option Agreement, attached as Exhibit A, that gives MediaCo an option right to purchase all of Estrella's stations at any time and gives Estrella a put right to require MediaCo to purchase the stations at any time (now that six months have passed since the transaction closed). *See* Ex. A ¶¶9(b), 10(b), 24.

11. To purchase Estrella's stations—whether I exercise that option through MediaCo or Estrella exercises the put—I will need to apply to and appear before the FCC for approval of the transfer of the station broadcast licenses.

12. I am ready and able and desire to purchase Estrella's stations through MediaCo today, but for the fact that I would be required to seek FCC approval. In addition, Estrella could exercise its put right at any time, which would also require me to seek FCC approval.

13. If not for the fact that the license transfers would require FCC approval and subject me to the same unlawful treatment that pervaded the Standard General-TEGNA transaction review, I would exercise the option right to purchase Estrella's stations immediately.

14. The FCC's recent approval of the license transfers in the Audacy matter confirms to me that the FCC is applying its rules arbitrarily and unlawfully, leaving me with even less confidence that I will be treated fairly and lawfully when I next appear before the FCC. Seeing the different treatment between that matter and the Standard General-TEGNA transaction review has left me to believe that FCC review turns more on who the owner is than on the nature of the transaction.

Per 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November  4 , 2024.

_____
Soohyung Kim